**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Dakota Crew,** | **Case No. 1:25-cv-01596** |
| **Plaintiff,** | |
| **-vs-** | |
| | **JUDGE PAMELA A. BARKER** |
| **County of Medina,** | |
| **Defendant.** | **MEMORANDUM OPINION & ORDER** |

Currently pending is Defendant County of Medina's ("Defendant" or the "County") Motion for Judgment on the Pleadings (the "Motion") pursuant to Federal Rule of Civil Procedure 12(c) filed on August 13, 2025.  (Doc. No. 6.)  Plaintiff Dakota Crew ("Plaintiff"), now representing himself *pro se*, filed his Memorandum in Opposition to the Motion (the "Opposition") on October 31, 2025.  (Doc. No. 9.)  Defendant filed its Reply in Support of the Motion (the "Reply") on November 14, 2025.  (Doc. No. 10.)

### I.      Factual Allegations

Plaintiff was "a pretrial detainee or inmate held in the Medina County Jail, a facility operated by the Defendant."  (Doc. No. 1-1 at ¶ 7.)  "Plaintiff had previously informed jail personnel that inmate Jason Hudson posed a threat to his safety due to Plaintiff's prior testimony against Hudson in a criminal trial."  (*Id*. at ¶ 8.)  "A formal 'keep-away' or no-contact order between Plaintiff and Hudson was entered in the Medina County Jail's system."  (*Id*. at ¶ 9.)  Plaintiff alleges that "Defendant, acting with deliberate indifference, deleted or disregarded the no-contact directive and housed Plaintiff in proximity to Hudson."  (*Id*. at ¶ 10.)  "On or about July 20, 2023, as a direct and foreseeable result of Defendant's failure to enforce the separation, Plaintiff was physically assaulted by Hudson."  (*Id*. at ¶ 11.)

Plaintiff "sustained serious and permanent injuries including, but not limited to: [a] broken nose, [f]acial fractures, [a] fractured shoulder, [p]ermanent nasal damage impairing breathing, [o]ngoing pain, medical needs, and disfigurement."  (*Id*. at ¶ 12.)  According to Plaintiff, "Defendant had a duty to protect individuals in its custody and failed to take reasonable measures to ensure Plaintiff's safety." (*Id.* at ¶ 13.)  Plaintiff asserts that "Defendant's conduct constituted a reckless and callous disregard for Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments, in violation of 42 U.S.C. § 1983." (*Id.* at ¶ 14.)  Plaintiff alleges he "suffered and continues to suffer: [p]hysical pain and suffering, [e]motional distress and mental anguish, [m]edical expenses (past and future), [l]oss of earning capacity, [and] [p]ermanent disfigurement." (*Id*. at ¶ 15.)

## II.    Procedural History

On June 27, 2025, Plaintiff, through his counsel Rosel C. Hurley III, filed a Complaint in the Court of Common Pleas, Medina County, Ohio, asserting a single claim for violation of his Eighth and Fourteenth Amendment Rights under 42 U.S.C. § 1983.  (*Id*. at PageID#s 4-7.)  On July 31, 2025, Defendant removed this case to this Court based on federal question jurisdiction. (Doc. No. 1 at ¶ 1.)  On August 5, 2025, this Court issued an Order indicating that Attorney Rosel C. Hurley III was not admitted to practice law in the Northern District of Ohio and gave Plaintiff thirty days or until September 4, 2025 to secure new counsel.  *See* Non-Doc. Order dated Aug. 5, 2025.  On September 5, 2025, and because the docket reflected that an attorney had not filed a notice of appearance on Plaintiff's behalf, the Court issued an order informing the parties that it considered Plaintiff to be proceeding *pro se*.  *See* Non-Doc. Order dated Sept. 5, 2025.

On September 12, 2025, Attorney Hurley filed a Motion to Withdraw as counsel for Plaintiff ("Motion to Withdraw").  (Doc. No. 7.)  In a non-document order issued on September

2

12, 2025, the Court reiterated its position that because Attorney Hurley was not admitted to practice in this Court, it considered Plaintiff to be proceeding *pro se* and therefore, denied as moot, the Motion to Withdraw.  Then, on September 16, 2025, Plaintiff filed a Motion for Continuance to Hire Counsel ("Plaintiff's Motion").  (Doc. No. 16.)  In a non-document order issued on September 17. 2025, the Court granted Plaintiff's Motion and ordered that any notice of appearance by newly retained counsel and any opposition to the Motion, were due by October 31, 2025; and if Plaintiff proceeded *pro se*, any opposition to the Motion was due by October 31, 2025. (Non-Doc. Order dated Sept. 17, 2025.)

On August 7. 2025, Defendant filed its Answer to Plaintiff's Complaint.  (Doc. No. 5.)  In its Answer, Defendant raised as its "FIRST DEFENSE" that Plaintiff's Complaint fails to state a claim upon which relief can be granted in some or all respects and raised as its "THIRD DEFENSE" [that] Plaintiff had failed to join a necessary and indispensable party."  (*Id.* at ¶¶ 13, 15.)  On August 13, 2025, Defendant filed the Motion, on October 31, 2025 *pro se* Plaintiff filed the Opposition and on November 14, 2025, Defendant filed the Reply.  (Doc. Nos. 6, 9, 10.)

### III.    Standard of Review

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

3

The same standard for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim applies to a Rule 12(c) motion for judgment on the pleadings.  *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'"  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

The measure of a Rule 12(b)(6) challenge—whether the complaint raises a right to relief above the speculative level— "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'"  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555-56).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Deciding whether a complaint states a claim for relief that is plausible is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.

Consequently, the examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (internal quotation marks omitted).  Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper technical,

code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### IV.     Analysis

In the Motion, Defendant makes two arguments:  first, that Plaintiff fails to allege any policy, practice or custom of the County that caused his alleged harm, which he is required to do to bring a §1983 against the County, i.e., a *Monell* claim[1]; and second, that Plaintiff named only the County as a Defendant, or stated differently, Plaintiff's Complaint fails to allege a constitutional violation by an individual and therefore, there can be no municipal liability on the part of the County.  (Doc. No. 6 at PageID#s 55, 57, 58.)

In the Opposition, Plaintiff sets forth the following arguments as to why the Motion should be denied.  First, Plaintiff asserts that the allegations in his Complaint "are far more than labels and conclusions [because] they identify the risk (Hudson), the mechanism (a formal separation order in the jail system), the disregard/deletion of that order [in that he and Hudson were housed in proximity despite the "keep-away" order]; and the resulting injuries, satisfying *Twombly/Iqbal's* plausibility standard."  (Doc. No. 9 at PageID# 65.)  Therefore, according to Plaintiff, he has properly alleged "a claim for deliberate indifference to inmate safety under the Eighth and/or Fourteenth Amendments."  (*Id.*)

Second, Plaintiff contends that "§ 1983 imposes no heightened pleading requirement for municipal liability" and that his Complaint sets forth allegations that permit a reasonable inference that a municipal policy, custom, or failure to train/supervised caused the violation.  (*Id.*) Specifically, Plaintiff argues that his Complaint "alleges a system-level failure to enforce a

---

[1] In *Monell v. New York City Dept. of Soc Servs.*, 436 U.S. 658, 694-95, the Supreme Court held that municipalities may be held liable under 42 U.S.C. § 1983 for the unconstitutional violations of their employees where the municipality's "policy or custom" was the direct cause of the violation.

recorded separation order—i.e., a jail classification/assignment practice that disregarded known safety directives." (*Id.*) According to Plaintiff, this "factual theory supports multiple *Monell* avenues: (1) an unconstitutional custom of ignoring keep-away orders; (2) supervisory failures in approving housing despite known risks; or (3) inadequate training/policy enforcement regarding classification and separation." (*Id.*) Plaintiff asserts that municipal liability does not "evaporate simply because an individual official is not named[,]" but that "[w]hat matters is whether the pleadings plausibly allege a constitutional violation caused by the municipality's own policy or custom" and his Complaint "does so." (*Id.*)

Third, Plaintiff maintains that Sixth Circuit precedent "counsels against dismissing plausible municipal claims where discovery is needed to illuminate internal policies and causation. *See Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992) (reversing dismissal where municipal policy/custom issues required factual development)."[2] (*Id*. at PageID# 66.) Finally, Plaintiff asks this Court to grant him leave to amend to plead additional *Monell* detail and/or add Doe defendants instead of dismissing his Complaint. (*Id.*)

In its Reply, Defendant reiterates its assertion that Plaintiff's Complaint "seeks to improperly impose municipal liability upon the County without a constitutional violation by an individual or an alleged policy, practice, or custom of the County that resulted in an alleged constitutional violation and [Plaintiff's] alleged harm." (Doc. No. 10 at PageID # 69.) Defendant asserts that Plaintiff, by requesting leave to amend his Complaint to add individual defendants and/or allegations concerning individual acts, concedes its point that the law imposes liability upon

---

[2] Plaintiff is wrong in asserting that in *Barber*, the Sixth Circuit reversed dismissal where a municipal policy/custom issues required factual development; indeed, in *Barber,* the Sixth Circuit affirmed the district court's grant of summary judgment to the municipal employees finding they were entitled to qualified immunity, and the district court's grant of summary judgment to the municipality finding it was not liable under 42 U.S.C. § 1983. Plaintiff is also wrong in citing *Barber* for his proposition that the Sixth Circuit's decision therein "counsels against dismissing municipal claims where discovery is needed to illuminate internal policies and causation." *Barber* did not involve a decision on a motion to dismiss in the context of a *Monell* claim.

a political subdivision "only for unconstitutional injuries caused *by its employees* pursuant to the subdivision's policy or custom.[]  *Ghaster v. City of Rocky* River, 913 F.Supp.2d 443, 471 (N.D. Ohio 2012) (emphasis added)."  (*Id*. at PageID # 70.)  Defendant acknowledges that "the Sixth Circuit has narrowed the general rule that a municipality cannot be liable absent an underlying constitutional violation, recognizing only limited exceptions. *See Craddock v. County of Macomb*, 718 F.Supp.3d 683 (E.D. Mich. Feb. 26, 2024)."  But, according to Defendant, "none of these limited exceptions apply here."  (*Id.*)  Defendant argues that "[a]lthough the Complaint, in conclusory fashion, alleges that jail officials were aware of the 'keep-away' order between Plaintiff and another innate but failed to enforce it, the Complaint is entirely devoid of any allegations that this alleged conduct occurred pursuant to any unconstitutional policy or that the jail maintained a policy or practice disregarding such orders."  (*Id*.)

Defendant argues that this Court should reject Plaintiff's request to amend his Complaint because: 1.)  Plaintiff already had the option to amend his complaint as a matter of right but failed to do so; 2.)  Plaintiff failed to attach a proposed amended complaint for this Court's consideration; and 3.)  giving Plaintiff the opportunity to amend his Complaint to add or include individual employee defendant(s) would be futile because the statute of limitations has expired as to any individual employees of Defendant.  (*Id*. at PageID#s 72-73.)  Defendant also asserts that Plaintiff's pleading should not be held to a less stringent standard even though Plaintiff is now representing himself *pro se* since the Complaint was filed by counsel.  (*Id*. at PageID# 69.)

The Court will address each argument below, albeit not in the order in which the parties have made them.

**A.     The Complaint was drafted by an attorney and is thus not entitled to liberal construction merely because Plaintiff later assumed *pro se* status.**

As a preliminary matter, this Court acknowledges that Plaintiff is now representing himself *pro se* but notes that the Complaint was filed by his former attorney.  Thus, because Attorney Rosel C. Hurley III, prepared his Complaint, (Doc. No. 1-1 at PageID# 8), this pleading is not entitled to a "liberal construction."  *See Bickerstaff v. Cuyahoga Cnty.*, 2019 WL 7500494, at *5 (N.D. Ohio Aug. 12, 2019) (citing *Crosby v. S.C. Dep't of Pub. Safety*, 2017 WL 398352, at *2 (D.S.C. Jan. 30, 2017), *aff'd*, 691 Fed. Appx. 783 (4th Cir. 2017)) ("Complaints that were drafted by an attorney are not entitled to liberal construction merely because the plaintiff later assumed *pro se* status."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (explaining that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (cleaned up and emphasis added).  Plaintiff's Complaint was drafted by an attorney so the "less stringent standards" will not be applied in evaluating Defendant's Motion.  *Id*.

> **B.**      **This Court will apply the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure when assessing the plausibility of Plaintiff's claim.**

Plaintiff is correct in citing to *Leatherman v. Tarrant Cnty. Narcotics Intel. and Coordination Unit*, 507 U.S. 163, 168 (1993) to support his assertion that federal courts should not apply a heightened pleading standard more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure to *Monell* claims alleging municipal liability under § 1983.  *Brown v. Shaner*, 172 F.3d 927, 931 (6th Cir. 1999) (citing *Leatherman v. Tarrant Cnty. Narcotics Intel. and Coordination Unit*, 507 U.S. 163, 168 (1993)).  This Court will not apply a heightened pleading standard.  However, as Defendant contends and the Court agrees, it still must and will determine whether Plaintiff has plausibly pled a *Monell* claim.  *See Rolen v. City of Cleveland*, 2013 WL 12145960, at *3 (N.D. Ohio Aug. 7, 2013) (citing cases) ("District Courts in this Circuit have uniformly found, in addressing dismissal of *Monell* claims, that the *Iqbal*

plausibility requirement is not to be relaxed.")  In so doing, this Court notes that it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

 **C.**  **Plaintiff has failed to plead a plausible *Monell* claim against the County.**

   **1.  Plaintiff may only hold the County Liable under § 1983 for its own wrongdoing.**

To maintain a claim under § 1983, a plaintiff must establish that he was deprived of a right secured by the Constitution or the laws of the United States, and that the deprivation was caused by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet Cnty. Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991).  It is well established that a municipal entity may not be sued for injuries inflicted solely by its employees or agents under § 1983.  *Monell v. Dept. of Soc. Servs. Of City of New York*, 436 U.S. at 694.  *See also Baynes v. Cleland*, 799 F.3d 600, 620 (6th Cir. 2015); *D'Ambrosio v. Marino* 747 F.3d 378, 386 (6th Cir. 2014); *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012).  Rather, a plaintiff may only hold a municipal entity liable under § 1983 for the entity's own wrongdoing. *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) ("Section 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*.") (citing *Monell*, 436 U.S. at 692– 94).  Or, as the Sixth Circuit has explained, "a municipality is liable under § 1983 only where, 'through its deliberate conduct,' it was 'the 'moving force' behind the injury alleged.'" *D'Ambrosio,* 747 F.3d at 388-389 (quoting *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013) (citation omitted)).

 "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  To properly allege a municipal

liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). *See also D'Ambrosio*, 747 F.3d at 386. Moreover, a plaintiff must show a "direct causal link between the custom and the constitutional deprivation; that is, [he] must show that the particular injury was incurred because of the execution of that policy." *Doe v. Claiborne Cnty.,* 103 F.3d 495, 508 (6th Cir. 1996) (internal quotation marks omitted); *see also Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)*; Fair v. Franklin Cnty.,* 215 F.3d 1325, 2000 WL 659418, at *3 (6th Cir. 2000) ("*Monell* requires that a plaintiff identify the policy, connect the policy to the city itself and show that the particular injury occurred because of the execution of that policy."); *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993) (same).

The words "custom" or "policy" are not used anywhere in Plaintiff's Complaint. Plaintiff merely alleges that despite "[a] formal 'keep-away' or no-contact order between Plaintiff and Hudson [being] entered into the Medina County Jail's system[,] *** Defendant, acting with deliberate indifference, deleted or disregarded the no-contact directive and housed Plaintiff in proximity to Hudson." (Doc. No. 1-1 at PageID # 6.)

In his Opposition, Plaintiff contends that his Complaint "alleges a system-wide failure to enforce a recorded separation order—i.e., a jail classification/assignment practice that disregarded known safety directives." (Doc. No. 9 at PageID # 65.) According to Plaintiff, this factual theory supports the *Monell* avenue of the existence of "an unconstitutional custom or policy, specifically that the County knew of a formal 'keep-away' order between Plaintiff and Hudson but the County disregarded it." (Doc. No. 9 at PageID# 65.) In its Reply, Defendant asserts that "Plaintiff's

10

Complaint simply does not identify or allege any rule or understanding, whether reduced to writing or otherwise, that was the moving force behind his claimed injury. Plaintiff has not alleged a widespread pattern." (Doc. No. 10 at PageID# 71.)

In the Complaint, Plaintiff fails to point to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated." *Jackson v. City of Cleveland*, 622 F.Supp.3d 636, 641 (N.D. Ohio 2022) (Calabrese, J.); *see also Phillips v. City of Cincinnati*, 2019 WL 2289277, at *11 (S.D. Ohio May 29, 2019) (dismissing the county as a defendant finding that the plaintiffs did not identify any existing unconstitutional policy promulgated by the county); *Wooten v. Spigner*, 2011 WL 5075692, at *4 (E.D. Mich. Sept. 8, 2011), *report and recommendation adopted*, 2011 WL 5075713 (E.D. Mich. Oct. 25, 2011) (granting defendant's motion to dismiss holding that "[a]lthough plaintiff vaguely alleges that the City is liable because of its policies, practices, and customs, the complaint does not allege any specific policies, practices, or customs which amounted to deliberate indifference to or actually caused the alleged constitutional violations on the part of the individual defendants."). Plaintiff fails to allege the existence of an unconstitutional custom or policy. He merely alleges that the County disregarded the "keep-away" order. (Doc. No. 1-1 at ¶ 10.)

And the Court will not consider new allegations raised in Plaintiff's Opposition because it is axiomatic that "an opposition brief is not the proper procedural vehicle for amending a pleading." *Bryant v. Collins*, 2025 WL 2840755 at *6 (N.D. Ohio Oct. 7, 2025) (Barker, J.); *see also Am. Ass'n of Nurse Anesthesiology v. Kennedy*, 2025 WL 2459208 at *5 (N.D. Ohio Aug. 26, 2025) (Barker, J.) (quoting *Mohamed v. Bank of Am., N.A.*, 771 F. Supp. 3d 695, 708 n.5 (D. Md. 2025)) ("[A] memorandum in opposition to a motion is not a proper vehicle for amending a complaint or adding new claims."); *Tice v. Bos. Sci. Corp.*, 2023 WL 360983 at *2 (N.D. Ohio

Jan. 23, 2023) (Lioi, J.) (quoting *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020)) (underscoring that "[t]o the extent Tice is attempting to amend her complaint through her opposition brief, it is well established that a plaintiff cannot use that vehicle to amend the pleadings because '[a]s a general rule, a court considering a motion to dismiss 'must focus only on the allegations in the pleadings.'...This does not include plaintiffs' responses to a motion to dismiss.'"); *Rushing v. Wood Health Co., LLC*, 2025 WL 959472 at *6 (N.D. Ohio Mar. 31, 2025) (citing *Petty v. Bluegrass Cellular, Inc.*, 2021 WL 4448937 at *2 (W.D. Ky. Sept. 28, 2021) to note that the court in *Petty* "reject[ed] a *pro se* plaintiff's attempt to supplement her amended complaint through her brief in opposition to the defendant's motion to dismiss"). *See Faber v. Smith*, 2018 WL 6918704, at *2 (6th Cir. June 6, 2018) ("Faber, however, did not raise many of these claims in the district court until he filed responses to Smith's motion to dismiss.") (citing *Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 Fed. Appx. 659, 666 (6th Cir. 2012) ("As the district court rightly pointed out, a plaintiff may not expand his claims to assert new theories for the first time in response to a summary judgment motion.").

Stated succinctly, this Court cannot infer, based on a single incident of the alleged disregard of a keep-away order in Plaintiff's Complaint, that the County had an unconstitutional custom or policy of disregarding "keep-away" orders, and Plaintiff cannot introduce new allegations to support such a legal theory for the first time in his Opposition.

### 2. Plaintiff fails to plead a custom of tolerance.

In his Opposition, Plaintiff  argues in relevant part that he alleged "a system-level failure to enforce a recorded separation order—i.e., a jail classification/assignment practice that disregarded known safety directives[,]" and this "factual theory supports [the] *Monell* avenues *** [of] an unconstitutional custom of ignoring keep-away orders; [and] supervisory failure in

12

approving housing despite known risks[.]" (Doc. No. 9 at PageID# 65.). To plead a claim for a custom of tolerance or acquiescence, a plaintiff must allege:

(1) the existence of a clear and persistent pattern of [illegal activity];

(2)  notice or constructive notice on the part of the [defendant];

(3) the [defendant's] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and

(4) that the [defendant's] custom was the "moving force" or direct causal link in the constitutional deprivation.

*Wallace v. Coffee County, Tennessee*, 852 Fed. Appx. 871, 876 (6th Cir. 2021) (citing *Claiborne Cnty.*, 103 F.3d at 508)).

"Before a custom can be the basis for a civil rights violation, the custom must be 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *Feliciano v. Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993) (quoting *Monell v. Dept. of Soc. Servs. Of City of New York*, 436 U.S. 658, 691 (1978)). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). "A 'custom of tolerance' claim cannot be based only upon the single incident involving the plaintiff, because '[t]o do so risks "collapsing ... the municipal liability standard into a simple *respondeat superior* standard.'" *Rodgers v. Cnty. of Oakland*, 2021 WL 5280075, at *8 (E.D. Mich. Nov. 12, 2021) (quoting *Nouri v. Cnty. of Oakland*, 615 Fed. Appx. 291, 296 (6th Cir. 2015) (quoting *Thomas v. City of Chattanooga,* 398 F.3d 426, 432–33) (6th Cir. 2005)).

Plaintiff's Complaint references only a single incident where the County's alleged action or inaction caused him harm and the allegations associated therewith are insufficient to sustain a

13

claim that the County had a custom of tolerance.  Stated succinctly, this Court cannot infer, based on a single incident of the alleged disregard of a keep-away order in Plaintiff's Complaint, that the County had a custom of disregarding "keep-away" orders, and Plaintiff cannot introduce new allegations to support such a legal theory for the first time in his Opposition.

### 3.  Plaintiff fails to plead failure to train or supervise.

In the Complaint, Plaintiff alleges that Defendant "acting with deliberate indifference, deleted or disregarded the no-contact directive and housed Plaintiff in proximity to Hudson." (Doc. No. 1-1 at ¶ 10.)  In his Opposition, Plaintiff contends his Complaint alleges "a system-level failure to enforce a recorded separation order –i.e., a jail classification/assignment practice that disregarded known safety directives [,] [and] [t]hat factual theory supports multiple *Monell* avenues" including "supervisory failures in approving housing despite known risks" and "inadequate training/policy enforcement regarding classification and separation."  (Doc. No. 9 at PageID# 65.)  Defendant contends that "Plaintiff's mere mention of 'deliberate indifference' does not obviate his need to articulate a policy, practice, or custom enacted by the County which resulted in his injury by way of an unconstitutional act by an individual."  (Doc. No. 10 at PageID#s 71-72.)

To plead a failure to train or supervise claim, the plaintiff must allege: "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006)).  "To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Wooten v. Spigner*, 2011 WL 5075692, at *3 (E.D. Mich. Sept.

14

8, 2011), *report and recommendation adopted*, 2011 WL 5075713 (E.D. Mich. Oct. 25, 2011) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

In *Shiao v. City of Cleveland*, the district court granted the defendant's motion for judgment on the pleadings. 2024 WL 3722883, at *4 (N.D. Ohio Aug. 8, 2024). The Court found, in relevant part, that:

> In his pleadings, [p]laintiff does not identify any particular training that he purports to be inadequate. There are no facts cited that tend to point toward inadequacies in any training program, nor indifference by the City or any officials toward any such policy. As there are no inadequacies noted, there can be no nexus drawn to any injury suffered by the plaintiff.

*Id*.

Here, the Complaint only alleges that the County disregarded the "keep-away" order. (Doc. No. 1-1 at ¶ 10.) Plaintiff fails to reference any training program that he finds inadequate. Nor does Plaintiff reference any personnel who were insufficiently trained or a supervisor who expressed indifference towards a particular program or practice. For these reasons, this Court rejects Plaintiff's assertion that he plausibly alleged the County's failure to train or supervise. And to the extent that in his Opposition Plaintiff asserts that his allegation of a disregarded keep-away order supports the *Monell* avenues of "supervisory failures in approving housing despite known risks" or "inadequate training/policy enforcement regarding classification and separation[,]" for the reasons set forth above, the Court will not consider these new allegations set forth in Plaintiff's Opposition. (Doc. No. 9, PageID # 65.)

Plaintiff argues that "discovery is required before adjudicating these issues." (Doc. No. 9 at PageID# 66.) Namely, he asserts that discovery will reveal the County's "policies, practices, and supervisory decisions." (*Id.* at 65-66.) As this Court stated earlier, while "Rule 8 marks a notable and generous departure from the hyper technical, code-pleading regime of a prior era, . . .

it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's factual allegations must be enough "to raise a reasonable expectation that discovery will reveal evidence" of the County's alleged unconstitutional policies, practices, and supervisory decisions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). *Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035, 1042 (6th Cir.), *cert. denied*, 145 S. Ct. 274, 220 L. Ed. 2d 84 (2024) ("And while adequately pleading a municipal liability claim without the benefit of discovery may be difficult, that task is hardly new.").

The factual allegations in Plaintiff's Complaint are insufficient. Plaintiff's conclusory assertions in his Opposition as to the County's custom of tolerance and failure to train its personnel are insufficient to warrant any reasonable expectation that discovery will reveal their existence.

Based on the foregoing, Plaintiff has failed to plead *Monell* liability against the County.

### D. This Court denies Plaintiff's request for leave to amend.

Plaintiff asks this Court to grant him leave to amend to plead additional *Monell* detail and/or add Doe defendants before discovery reveals their identities. (Doc. No. 9 at PageID# 66.) Defendant asserts that this Court should reject Plaintiff's request to amend his Complaint for three reasons (1) Plaintiff already had the option to amend his complaint as a matter of right but failed to do so; (2) Plaintiff failed to attach a proposed amended complaint for this Court's consideration; and (3) Plaintiff cannot add Doe defendants because the two-year statute of limitations has lapsed. (Doc. No. 10 at PageID#s 72-73.) This Court denies Plaintiff's request for leave to amend.

#### 1. The Court rejects Defendant's argument that Plaintiff had the option to amend his Complaint as a matter of right.

Defendant argues that Plaintiff had the right "once confronted with the County's Motion challenging the Complaint, as a matter of course, to amend the Complaint but failed to do so." (Doc. No. 10 at PageID# 72.) "Rule 15(a)(1)(B) would permit amending once as a matter of course

within 21 days of service of a Rule 12(b), (e), or (f) motion. But the instant motion was filed under Rule 12(c) and after the answer was already filed." *Mack v. Solon City Sch. Dist. Bd. of Educ.*, 2017 WL 6624173, at \*1, n. 3 (N.D. Ohio Dec. 28, 2017) (Lioi, J.); *see also* Fed. R. Civ. P. 15(a)(1)(B) ("[A] party may amend its pleading once as a matter of course (A) no later than 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). Plaintiff did not have a right to amend his pleadings as a matter of course in response to the Defendant's Motion under Rule 12(c), so Defendant's assertion is incorrect, and the Court rejects it.

### 2. Plaintiff's request to amend is procedurally improper.

Second, Defendant argues that Plaintiff's request for leave to amend his Complaint should be denied because "Plaintiff has not submitted a proposed amended complaint for the Court's review." (Doc. No. 10 at PageID# 69.) The Sixth Circuit has held that "[a] request for leave to amend[,] 'almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is ... not a motion to amend.'" *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000)) (omission in original)). *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("Normally, a party seeking an amendment should attach a copy of the amended complaint."); *see also Jackson v. City of Cleveland*, 622 F.Supp.3d 636, 640 (N.D. Ohio 2022) (Calabrese, J.) ("[P]erfunctory amendment requests at the end of a brief are inadequate.")

Although Plaintiff filed his Opposition *pro se*, district courts have similarly denied procedurally improper requests to amend sought by *pro se* litigants. For example, in *Downs v. McDonough*, the court denied a *pro se* plaintiff's request for leave to amend when the request was

17

contained in the plaintiff's objections to the magistrate judge's report and recommendation, finding that the same Sixth Circuit law that precluded amendment where an informal request was contained in a brief in opposition to a motion to dismiss applied.  2022 WL 411845, at *6 (M.D. Tenn. Feb. 9, 2022).  By a non-document order issued on August 8, 2025, the Court put Plaintiff on notice that Attorney Hurley could not represent him in this Court and notified Plaintiff that he had until September 4, 2025 to secure new counsel and have new counsel file a notice of appearance on the docket.  When no notice of appearance was filed by that date, the Court issued another non-document order advising the parties that it considered Plaintiff to be proceeding *pro se*.  Certainly, Plaintiff was aware that he was unable to secure new counsel and even filed a motion for an extension of time within which to file his opposition to Defendant's Motion.  Plaintiff was on notice of Defendant's arguments as to why his Complaint should be dismissed shortly after Defendant's Motion was filed on August 13, 2025.  At any time before he filed his Opposition Plaintiff could have requested leave to file an amended complaint and attached a proposed amended complaint and indeed, Plaintiff could have attached to his Opposition a proposed amended complaint, seeking leave to file it.  *See, e.g., Detrick v. KCS International Inc.*, 2025 WL 1697482, at *5 (N.D. Ohio June 17, 2025) (Barker, J.) (declining request to amend where plaintiff waited over six months to formally request leave to amend and instead "made the strategic decision to wait for the Court to rule on Defendants' Motion to Dismiss").

### 3.  Amendment of Plaintiff's Complaint would be futile.

Plaintiff asks this Court to grant him leave to amend to add Doe defendants and to plead additional *Monell* detail.  (Doc. No. 9 at PageID# 66.)  Assuming for the sake of argument that Plaintiff's Complaint was not plagued by the aforementioned procedural deficiencies, "[a] court need not grant leave to amend, however, where amendment would be 'futile.'"  *Crutcher v. Ct.*

*Psychiatric Clinic*, 2017 WL 5514812, at \*2 (6th Cir. Apr. 28, 2017) (citing *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller*, 408 F.3d at 817 (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.,* 632 F.2d 21, 23 (6th Cir. 1980)).

First, any amendment to add individual defendants is time-barred under the statute of limitations. Defendant argues that "the Complaint fails to allege a constitutional violation by an individual, and therefore, there can be no municipal liability on the part of the County." (Doc. No. 6 at PageID# 58) (citation omitted). This Court need not reach this issue because as Defendant points out, (Doc. No. 10 at PageID# 73) (citing Doc. No. 9 at PageID# 66), Plaintiff's plan to "substitute Doe defendants" would not relate back to the original pleadings and would thus be barred under the statute of limitations, which expired in July 2025.[3]

At issue is Federal Rule of Civil Procedure 15(c), which provides, in relevant part, as follows:

**(c) Relation Back of Amendments.**

**(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
\* \* \*

---

[3] In *Browning v. Pendleton*, the Sixth Circuit held that the limitations period for § 1983 actions arising in Ohio is the two-year period in Ohio Revised Code § 2305.10. 869 F.2d 989, 990 (6th Cir. 1989) (en banc); *see also Williams v. Schismenos*, 258 F. Supp. 3d 842, 853 (N.D. Ohio 2017) ("In Ohio, the statute of limitations for § 1983 actions is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual."). The question of when the statute of limitations begins to run is governed by federal law. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). "The 'standard rule' is that a cause of action accrues 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quotations, citations, and alterations omitted)). Here, Plaintiff's cause of action accrued "[o]n or about July 20, 2023" when "Plaintiff was physically assaulted by Hudson." (Doc. No. 1-1 at ¶ 11.)

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

"Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new *party*." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 319 (6th Cir. 2010); *see also id.* ("'[A]n amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'") (quoting *In re Kent Holland Die Casting & Plating, Inc.,* 928 F.2d 1448, 1449 (6th Cir. 1991) (citation omitted)). Thus, Plaintiff cannot add additional defendants because adding new parties would create a new cause of action and the statute of limitations bars Plaintiff from bringing a new claim.

Second, Plaintiff has failed to show that he can plead a claim for *Monell* liability. In his Opposition, Plaintiff argues that he "can readily augment the Complaint with particular policy/custom allegations (e.g., failure-to-audit separation orders, prior similar incidents, training deficiencies) and substitute Doe officials *once initial disclosures or limited discovery identify them*." (Doc. No. 9 at PageID# 66) (emphasis added).[4] The only additional allegation that Plaintiff offers in support of amendment of his *Monell* claim is that he can buttress his allegations after

---

[4] As this Court just explained, the statute of limitations bars Plaintiff from adding individual defendants.

20

discovery begins.  Plaintiff must plead a plausible claim against the County without access to discovery.  *See Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035, 1042 (6th Cir.), *cert. denied*, 145 S. Ct. 274, 220 L. Ed. 2d 84 (2024) ("And while adequately pleading a municipal liability claim without the benefit of discovery may be difficult, that task is hardly new.").[5]

Plaintiff has been forthcoming with the fact that he does not know the customs or policies of the County that would support a claim for *Monell* liability.  *See* (Doc. No. 9 at PageID# 64) ("At a minimum, discovery is necessary to test Medina County's policies, practices, supervision, and training concerning, separation orders and inmate safety.")  The additional allegations, or rather lack thereof, in Plaintiff's Opposition show that amendment would be futile since Plaintiff argues that he could state a plausible claim if only he gets access to discovery.  Thus, this Court finds that any amendment of Plaintiff's *Monell* claim would be futile.

Accordingly, this Court denies Plaintiff's request to amend for the reasons set forth above.

---

[5] The Court can assess futility without a proposed amended complaint before it.  In *Myers v. FCI Ashland,* the Sixth Circuit affirmed the district court's denial of leave to amend where plaintiff did not file a proposed amendment complaint.  2024 WL 3085079, at *2 (6th Cir. Jan. 4, 2024).  It found that this failure, coupled with the fact that the additional allegations that plaintiff raised in his filings were insufficient to state a plausible claim for relief, constituted a sufficient basis to deny leave to amend.  *Id.*

21

**V.      Conclusion**

For the reasons set forth above, the Court holds that Plaintiff failed to plead liability against the County under § 1983.  Further, it finds that Plaintiff's request to amend the Complaint is procedurally improper and would be futile.

Accordingly, this Court grants Defendant's Motion.

**IT IS SO ORDERED.**

                                       *s/Pamela A. Barker*

                                       PAMELA A. BARKER

Date: March 3, 2026                  U. S. DISTRICT JUDGE